[No. 27761. Department One. October 24, 1939.]

THE STATE OF WASHINGTON, *on the Relation of G. W. Hamilton, Attorney General, Appellant,* v. DAVE S. COHN, *as Acting Director of Licenses, Respondent.*[1]

[1]Reported in 95 P. (2d) 38.

*The Attorney General* and *John E. Belcher, Assistant,* for appellant.

*Wallace G. Mills* and *Harold P. Troy,* for respondent.

MILLARD, J.—On the theory that the exemption was unconstitutional, the attorney general of the state of Washington filed a petition March 22, 1939, in this court for a writ of mandate requiring the acting director. of licenses of the state of Washington to collect an excise tax, imposed by chapter 186 of the Laws of 1939, p. 581 (effective date of this statute May 1, 1939), from those persons who are engaged in the distribution of petroleum products refined in this state, not-

withstanding the fact that subd. (e) of § 15 of chapter 186, p. 595, specifically exempts that class of persons from the tax. In response to an alternative writ, the acting director of licenses answered that the exemption was constitutional, and that he would not collect the tax from the class of persons exempted.

Briefs were submitted by counsel for Inland Empire Refineries, Inc., and Great Northern Railway Company, as friends of the court. In those briefs, it was argued that the action was prematurely brought.

On April 17, 1939, this court entered the following order, signed by the Chief Justice, denying the application for the writ of mandate:

"This matter having come on for hearing before Department Two of the Court on Friday, March 31, 1939, upon the application of the Relator for a Writ of Mandate, and the Court having heard the arguments of counsel and being fully advised in the premises,
"IT IS BY THE COURT ORDERED that the said application for a Writ of Mandate be and it hereby is denied."

The judgment (we did not write an opinion or state reason for denial of the writ) of this court remitted May 19, 1939, reads, so far as material, as follows:

"This cause having been heretofore submitted to the Court upon the application of the relator for a writ of mandate commanding the respondent to assess, levy and collect the distributors' excise tax of one quarter cent per gallon on petroleum products, and the Court having fully considered the same and filed its order in writing, denying the writ:
"IT IS ORDERED, Adjudged and Decreed, that the application be and the same is denied, and each of the parties hereto having stipulated that no costs will be claimed against the other party, neither party shall recover costs."

July 10, 1939, the attorney general commenced an action in mandamus in the superior court for Thurston county to require the acting director of licenses of

the state of Washington to collect the tax imposed by chapter 186, Laws of 1939, from distributors of petroleum products despite specific exemption from the tax of that class of persons by subd. (e), § 15 of that statute. The Great Northern Railway Company and the Inland Empire Refineries, Inc., were granted permission to intervene in the action.

The allegations in the petition to the superior court for Thurston county for writ of mandate are the same —the parties are the same—as the allegations in the petition of March 22, 1939, to this court for writ of mandate, which petition we denied, without written opinion, April 17, 1939. The only difference in the two actions is that the one commenced in this court was initiated in March, 1939, which was prior to the effective date (May 1, 1939) of chapter 186, Laws of 1939, while the second action was commenced in the superior court for Thurston county July 10, 1939, which was subsequent to effective date of the enactment in question.

The trial court entered the following order, granting the respondent's motion to quash the action:

"ORDERED, ADJUDGED and DECREED that the motion to quash be and the same is hereby granted, for the reason that said cause is Res Judicata by virtue of Cause No. 27531 of the Supreme Court of the State of Washington."

The relator appealed.

Counsel for appellant contend that our denial—without opinion or statement of reasons therefor, prior to the effective date of the statute—of the petition for a writ requiring respondent to collect the tax exacted by chapter 186, Laws of 1939, was not a determination of the constitutionality of the exemption section of that statute; that is, our order denying the petition for writ of mandamus did not constitute a final *judg-*

*ment on the merits* in that proceeding, hence the doctrine of *res judicata* may not be successfully invoked by respondent in the case at bar.

Counsel for respondent argue that the final disposition of an action in mandamus is as binding as final disposition in any other type of law action, quoting as sustaining authority the following language from 34 C. J. 760:

"It is well settled that a final judgment rendered upon the merits of an application for a peremptory writ of mandamus comes within the principle of res judicata, and is a bar to another application for the same writ by the same party under the same circumstances, or to another action involving the same issues and in which the same relief is sought."

Was the original proceeding in this court for writ of mandamus decided on the merits? That is the sole question before us, insist counsel for respondent, who urge that, in determining the question, we may not go behind the pleadings in the original proceeding, which pleadings presented the same question—constitutionality of subd. (e), § 15, chapter 186, Laws of 1939—as appellant endeavored to raise in the case at bar. Counsel for respondent also contend that the jurisdictional question—argued only in briefs of *amici curiae* in the original proceeding—of prematurity of the original proceeding may not be considered, as those friends of the court were not parties to the proceeding, and their briefs may not be deemed pleadings.

■ The duty to be enforced by mandamus must be one which exists at the time when the application for the writ is made. The writ will not issue in anticipation of a supposed omission of duty, but it must appear that there has been an actual default in the performance of a clear legal duty then due at the hands of the party against whom relief is sought. Until the

time fixed for the performance of the duty has passed, there can be no default of duty. *Northwestern Warehouse Co. v. Oregon R. & Nav. Co.*, 32 Wash. 218, 73 Pac. 388; *State v. Bryan*, 26 Ore. 502, 38 Pac. 618; 38 C. J. 581, 602.

■ A final order made in a mandamus proceeding has the effect of a final judgment. That is to say, an adjudication made in a mandamus proceeding would bar a new proceeding under the same rule that would apply when a judgment of a court of record is set up as a bar to a new suit or action. The judgment of a court of competent jurisdiction, so long as that judgment is in force, is final and conclusive between parties and privies thereto as to all questions actually determined, and as to those which might have been determined, within the issues raised by the pleadings and material to the determination.

"It is well settled that when a second suit is between the same parties as the first, and on the same cause of action, the judgment in the former is conclusive in the latter, not only as to every question which was decided, but also as to every other matter which the parties might have litigated and had determined. This applies to issues that might have been litigated in proceedings to obtain a writ of mandamus. But it must appear, either by the record in the proceeding for mandamus or by extrinsic evidence, that the question might have been raised or determined under and within the issues raised by the pleadings in the application for mandamus." 18 R. C. L. 358.

See, also, 38 C. J. 937.

■ The rule is that a judgment is conclusive not only upon the questions actually contested and determined, but upon all matters which might have been litigated and decided in that action. A judgment is not conclusive, however, on any point or question

which, from the nature of the cause, the form of the action, or the character of the pleadings, could not have been adjudicated in the action in which it was rendered, nor as to any matter which must necessarily have been excluded from consideration.

The principle of estoppel by judgment is not dependent on the form or the object of the litigation in which the adjudication was made; it is only essential that there should have been a judicial determination of rights in controversy with a final decision thereon.

"It is well settled that a final judgment rendered upon the merits of an application for a peremptory writ of mandamus comes within the principle of res judicata, and is a bar to another application for the same writ by the same party under the same circumstances, or to another action involving the same issues and in which the same relief is sought. But where the decison does not proceed upon the merits it is not a bar; and it has also been held that, where mandamus will not lie as of strict right, but may be refused in the discretion of the court, a denial of that remedy does not bar a subsequent action." 34 C. J. 760, § 1173.

See, also, 2 Freeman on Judgments (5th ed.), 1755, 1758.

To satisfy the requirements of the rule that the pleading must show a clear legal duty on the part of the respondent to perform the act, the petition for writ of mandamus must set out all such facts as are essential elements of the right of the petitioner to have the act performed and the duty of the respondent to perform the act sought to be enforced. This is necessary for the purpose of enabling the court to determine not only that a *present right to performance* is vested in the petitioner for the writ, but also that the *present duty of performance* rests on the respondent. 38 C. J. 872, § 589. See, also, *Northwestern*

*Warehouse Co. v. Oregon R. & Nav. Co.,* 32 Wash. 218, 73 Pac. 388.

"Under no circumstances will a judgment or decree take effect upon rights not then existing. This principle is the basis of the rule that the denial of relief because the action was prematurely brought, is not on the merits and therefore not a bar. 'The estoppel of a judgment extends only to the facts as they were at the time the judgment was rendered, and to the legal rights and relations of the parties as fixed by the facts so determined; and when new facts intervene, before the second suit, furnishing a new basis for the claims and defenses of the parties respectively, the issues are no longer the same and consequently the former judgment cannot be pleaded in bar.' A previous order dismissing an action as brought in the wrong venue is not res judicata even on the question of venue, in a subsequent action on the same cause of action, where either the conditions determining the venue or the laws applicable thereto have materially changed in the interim." 2 Freeman on Judgments (5th ed.), 1503, § 712.

In conformity to the rule that the pleading must show a clear legal duty on the part of the respondent to perform the act, appellant, in petition filed in this court in March, 1939, for writ of mandamus to require respondent to collect a tax "upon the effective date" of the statute imposing the tax, pleaded the statute by chapter number and session year; therefore, we were required to take judicial notice of the statute. *Moore v. Dresden Inv. Co.,* 162 Wash. 289, 298 Pac. 465, 77 A. L. R. 1258.

When appellant's petition was filed in this court in March, 1939, for writ of mandamus, chapter 186, Laws of 1939, had not vested, as the statute was not then effective, in the petitioner the right to have the act performed; and that statute had not imposed upon the respondent, for the same reason, the duty to per-

form the act sought to be enforced. It is patent, therefore, that we could not properly do otherwise than deny the petition on the ground of prematurity without passing upon the question of constitutionality of exemption section of a statute not yet effective.

The original proceeding in this court for writ of mandamus was not an action for a declaratory judgment upon the constitutionality of a statute and is distinguishable on the law and the facts from *Acme Finance Co. v. Huse*, 192 Wash. 96, 73 P. (2d) 341, 114 A. L. R. 1345. In the case cited, we held that an action for a declaratory judgment upon the constitutionality of a statute, which became effective five days after the action was commenced, was maintainable in the superior court under Rem. Rev. Stat. (Sup.), § 784-2 [P. C. § 8108-22] (Laws of 1935, chapter 113, p. 305, § 2), in view of the allegations of the complaint that plaintiff would be damaged by its enforcement in person or property, that the defendant public officer was charged to enforce such statute and about to or would do so, and that such enforcement would infringe the constitutional rights of plaintiff.

We agree that, when the constitutionality of the statute is necessarily an issue—which it was not in the original mandamus proceeding in this court—and its unconstitutionality is the ground of action or defense, a judgment on the merits conclusively determines, for the purposes of that cause of action, every matter or ground which might have been urged to sustain or defeat the statute. However, as we said above, a judgment or decree will not take effect upon rights not then existing.

The dismissal of an action, on the ground that it was prematurely brought—the cause of action not having yet accrued—is not a bar to another action on the same demand after time has removed the objec-

tion. It is not an adjudication on the merits. 2 Black on Judgments (2d ed.), 1072, § 714; 34 C. J. 775, § 1194; 2 Freeman on Judgments (5th ed.), 1534, § 725.

One of the facts disclosed by the pleadings in the original proceeding in this court was that the statute, the constitutionality of the exemption section of which was challenged, was not effective when the petition was filed, nor was it effective when we entered the order denying the petition; hence, we never arrived at the question of constitutionality of the statute. The courts uniformly hold, on the question whether mandamus should issue where the relator's right to the writ depends on holding an act of the legislature unconstitutional, that the constitutional question will not be decided before the time when the statute is to take effect has arrived and a proper case under the statute is presented. 38 C. J. 920, § 681.

Another rule, as follows, may be applied to sustain the position of appellant that the order denying the petition for writ of mandamus in the original proceeding is not a bar to the present action in the superior court to determine the constitutionality of the exemption section of chapter 186, Laws of 1939:

If there were two issues or questions (constitutionality of the exemption section of the statute raised expressly by the parties and the question of prematurity of the action disclosed by the pleadings and raised by us) in the original proceeding in this court for writ of mandamus, upon either of which our order denying the petition could have rested, one going to the merits and the other not,—if the order does not disclose, or in the absence of a finding or adjudication on one or both of the issues or questions—the disposition of the cause will generally be considered as resting upon the issue which did not go to the merits; the merit remaining unadjudicated unless the order

64

or judgment appears to have been upon the merits.

The judgment is reversed, and the cause remanded to the trial court with direction to overrule the motion to quash.

BLAKE, C. J., MAIN, ROBINSON, and SIMPSON, JJ., concur.

