[No. 29850.    Department One.    June 18, 1946.]

MARGARET M. GABLE, *Appellant,* v. JAY C. ALLEN, *Respondent.*[1]

*Bell, McNeil & Bowles,* for appellant.

*Charles R. Carey* and *John F. Walthew,* for respondent.

MILLARD, J.—Margaret M. Gable instituted an action April 5, 1940, under her then name of Margaret M. Jones, to recover from Jay C. Allen damages in the amount of two hundred fifty thousand dollars for an alleged breach of promise of marriage. Trial of the cause to a jury resulted in a verdict for ten thousand dollars in favor of the plaintiff.

[1]Reported in 169 P. (2d) 699.

Defendant's alternative motions for judgment notwithstanding the verdict, or for a new trial, were denied, and, from judgment entered on the verdict, the defendant appealed. The judgment was reversed with direction to the trial court to dismiss the action. (*Jones v. Allen,* 14 Wn. (2d) 111, 127 P. (2d) 265.)

On May 12, 1945, Margaret M. Gable instituted the present action to recover from Jay C. Allen damages in the sum of two hundred fifty thousand dollars for an alleged breach of promise of marriage. The allegations of the complaint differ not from the allegations of the complaint in *Jones v. Allen, supra,* cited by plaintiff in support of the theory that the former action was dismissed for the reason that it was prematurely brought, and that, as the happening of the event on which the promise to marry was conditioned has taken place, the action for breach of the promise of marriage may now be maintained.

Upon the ground that the complaint did not state facts sufficient to constitute a cause of action, defendant demurred. The demurrer was sustained for the reason that the question presented is foreclosed by *Jones v. Allen, supra.* From judgment of dismissal, plaintiff has appealed.

In *Jones v. Allen,* 14 Wn. (2d) 111, 127 P. (2d) 265, we stated that plaintiff's diary disclosed that, by 1937, plaintiff had become thoroughly convinced that defendant did not intend to marry her, and she therefore finally attached no credit to his promises and continued expressions of affection. Entries in her diary revealed that plaintiff had, by that time, resolved to bring an action against defendant for breach of promise as soon as her two personal injury actions, growing out of automobile accidents, were determined. The final settlement of her claims on February 3, 1938, in those actions removed all impediments to her contemplated action against him.

After February 3, 1938, respondent and appellant saw each other only a few times. Respondent's diary was concluded April 6, 1938, with the statement that she did not intend to commence an action at that time against appellant, as she was apprehensive it would be hurtful to her son in

business and his home life. No communication was had by the parties with each other during the next two years.

In January, 1940, Mrs. Gable consulted Mr. Allen respecting an automobile collision in which Mrs. Gable's son had been involved. On the last of the calls of this son on Mr. Allen, the latter complained to the former about certain statements which the son's mother had been making concerning Mr. Allen's law partner. Within a few weeks, on April 20, 1940, Mrs. Gable (Jones) instituted her action for breach of promise of marriage. We concluded our opinion in the following language:

"One of two alternative conclusions must be adopted with respect to respondent's attitude and status regarding appellant's alleged promise of February 3, 1938, or any other promise subsequent to January 21, 1934. Either she did not believe appellant when he made the promise and did not place any reliance upon it, or, if she did believe him, she accepted the promise subject to the conditions included therein. From what appears in the record, we are convinced that she did not believe that any such promise would be performed, for she had said that she would not believe appellant even under oath, and had accordingly fully expressed her determination to sue him when the time was ripe. If she attached no credit to his promise, then she cannot predicate any action upon it, for a promise, to be binding, must be accepted as well as given. On the other hand, if she did believe appellant and did accept the promise, then she is bound by the terms under which it was made. The time for performance not having arrived, however, and no anticipatory breach having been committed by appellant, respondent may not maintain an action for a breach of the conditional promise.

"The judgment is reversed, with direction to the trial court to dismiss the action."

Counsel for appellant contend that we adopted the second of the two alternative conclusions and dismissed the former action for the reason that it was premature.

█ It is unnecessary to review all of the authorities cited. The rule applicable to the facts in the case at bar reads as follows:

"Where the judgment is based upon two alternative grounds, one on the merits and the other not on the merits,

there is a decision on both grounds although either alone would have been sufficient to support the judgment, and a subsequent action based upon the same cause of action is ordinarily barred." Restatement of the Law, Judgments, p. 196, § 49.

*State ex rel. Hamilton v. Cohn,* 1 Wn. (2d) 54, 95 P. (2d) 38, cited by counsel for appellant in support of the argument that it will not be presumed that the court will pass upon the merits of a case, when the action is not properly before it by reason of some technical objection, or that the action has been prematurely brought, is not in point. In the case cited, we held that, if an order or judgment may have been rested on either one of two grounds, one going to the merits and the other not, it is generally considered as resting on the issue that did not go to the merits, in the absence of any finding or adjudication as to the ground adopted; the merit remaining unadjudicated unless the order or judgment appears to have been upon the merits.

In *Jones v. Allen, supra,* we clearly made a finding and adjudication on both issues before us. We clearly stated that Mrs. Jones (present Mrs. Gable) attached no credit to the promise of Mr. Allen; therefore, she could not predicate any action upon that promise. Also, if she believed appellant and accepted his promise, she was bound by the terms under which the promise was made; and, as the time for performance had not arrived, her action was premature.

As to the first of the two alternative conclusions, it cannot be soundly argued that we were trenching on the province of the jury upon a question of fact in contravention of the constitution, Art. I, § 21, which provides that the right to trial by jury shall remain inviolate. If respondent, Jones, did not believe that appellant, Allen, had any intention of performing his promise—we stated we were convinced by the record that she did not believe Mr. Allen—there was no evidence on which a jury could find in her favor; hence, a motion for judgment notwithstanding the verdict should have been granted.

We plainly stated that our decision was based upon two alternative grounds, one on the merits and the other not

on the merits; hence, our decision was on both grounds, and the present action, which is based upon the same cause of action as *Jones v. Allen, supra,* is barred.

The judgment is affirmed.

BEALS, C. J., STEINERT, SIMPSON, and MALLERY, JJ., concur.