[No. 32234. *En Banc.* July 22, 1953.]

FRED M. EAST *et al., Appellants,* v. ROBERT M. FIELDS *et al.,*
*Defendants,* ASSOCIATED VETERANS AIRCRAFT AND
AUTOMOTIVE INSURANCE COMPANY, *Respondent.*[1]

*Wayne Murray, Jr.,* for appellants.

*Cochran & Cochran,* for respondent.

MALLERY, J.—Plaintiffs brought an action to recover damages for injuries suffered in an automobile accident near Tacoma, on U. S. highway No. 99.

[1]Reported in 259 P. (2d) 639.

Defendant Fields owned the car, and had a policy of insurance which excluded from its coverage accidents occurring while it was driven by another member of the armed forces of the United States, unless he was in it too.

The defense of the action was tendered to the insurance company, which, after an investigation of the facts, declined it on the ground that the injury was not covered by its policy, because the owner of the car was not in it at the time of the accident, as alleged.

Plaintiffs recovered a judgment against defendant Fields and defendant Finch, a soldier, who was driving at the time of the accident. No appeal has been taken from this judgment.

In a subsequent garnishment proceeding, in the same action, plaintiffs introduced in evidence the pleadings, findings of fact and conclusions of law, and judgment previously entered. The garnishee-defendant produced evidence, which the trial court believed, that the defendant-owner of the car was not in it at the time of the accident, and, accordingly, dismissed the writ.

The plaintiffs appeal from this order, and contend that the finding of fact, in the main action, that the insured was in the car at the time of the accident was *res judicata,* and, therefore, binding upon the court in the garnishment proceeding.

The rule is that when an insurer has notice of an action against an insured, and is tendered an opportunity to defend, it is bound by the judgment therein upon the question of the insured's liability. 1 Freeman, Judgments (5th ed.) 978, § 447; 30 Am. Jur. 969, § 237; and Restatement, Judgments 511, §107. The *judgment,* however, is not conclusive as to the question of coverage of the policy in question (Restatement, Judgments 517, § 107 (g)), for the reason that the causes of action for tort liability and for indemnity liability are separate and distinct. 1 Freeman, Judgments (5th ed.) 991, § 450. Thus, the judgment fixing the tort liability of the defendants in the main action is not *res*

*judicata* of the indemnity liability of the insurance company in the garnishment proceedings.

Notwithstanding this, the doctrine of collateral estoppel applies in a proper case. This doctrine is that the insurer is bound by any material *finding of fact* essential to the judgment of tort liability, which is also decisive of the question of the coverage of the policy of insurance. Restatement, Judgments 293, § 68. It would, of course, be anomalous for a court to find such a critical fact one way in the tort action, and to the opposite effect in the garnishment proceeding.

Restatement, Judgments 309, § 68, states the rules as follows:

"The rules . . . [regarding collateral estoppel] are applicable only where the facts determined are essential to the judgment. Where . . . the court makes findings of fact but the judgment is not dependent upon these findings, they are not conclusive between the parties in a subsequent action based upon a different cause of action."

2 Black on Judgments (2nd ed.) 928, § 611, states the rule as follows:

"The rule has always been regarded as well settled, from the earliest authorities down to the present time, that the judgment, . . . is not conclusive of any matter which was incidentally cognizable in that action, or which came collaterally in question, nor of any matter to be inferred by argument and construction from the judgment. 'The estoppel of a judgment extends only to the question directly involved in the issue, and not to any incidental or collateral matter, though it may have arisen and been passed upon.'"

As to what facts are material, 2 Black on Judgments 938, § 615, says:

"A judgment is conclusive by way of estoppel only as to facts without the existence and proof or admission of which it could not have been rendered. . . . it is conclusive evidence of whatever it was necessary for the jury to have found in order to warrant the verdict in the former action, and no further."

See, also, *State ex rel. Hamilton v. Cohn,* 1 Wn. (2d) 54, 95 P. (2d) 38; *Dolby v. Fisher,* 1 Wn. (2d) 181, 95 P. (2d)

369; and *Pacific Nat. Bank of Seattle v. Bremerton Bridge Co.*, 2 Wn. (2d) 52, 97 P. (2d) 162.

The trial court's finding of fact No. 3, with which we are concerned, reads as follows:

"That the 1936 Ford sedan owned by defendant Robert M. Fields on the 4th day of November on or about 6:00 P.M. was involved in a collision with the plaintiffs' automobile on U. S. Highway 99 near Ponders Station, south of Tacoma, Washington. At the time of the collision as aforesaid, the automobile owned by Robert M. Fields was driven by defendant Walter C. Finch with the express permission of and under the express direction of, and for and on behalf of the defendant Robert M. Fields and defendant Walter C. Finch, and that *at such time and place Robert M. Fields was a passenger in his own automobile*." (Italics ours.)

It is conceded that Fields' presence in his car at the time of the accident would invoke the coverage of the insurance policy. If that fact is also *essential* to the tort judgment, collateral estoppel applies, and the garnishee-defendant is bound by it and may not disprove it.

▇ In the main action, the owner of the car was liable for the driving of another under the doctrine of *respondeat superior*, which is predicated upon the existence of an agency. Agency is, of course, a conclusion of law to be drawn from facts sufficient to establish it. The finding of fact that the owner of the car was in it at the time of the accident supports the conclusion that there was an agency. No other fact in the findings has even a remote bearing upon that question. It is, therefore, essential and indispensable to the judgment against defendant Fields.

We do not think the phrases "express permission" and "express direction" establish agency by themselves. The phrase "for and on behalf of" is a pure conclusion, and gives no hint of the *fact* to which it has reference. To presume that the judgment is supported by the rebuttable presumption of agency that flows from ownership of the car, would be to base a presumption upon a presumption. We ought not to presume what only the record, which is not before us, is competent to reveal, namely, the status of the rebuttable presumption.

Thus, the question of insurance coverage is determined by a fact pertinent to the issue of liability. The garnishee-defendant will not be permitted to relitigate, in a subsequent garnishment proceeding, a question of fact upon which the tort judgment is predicated.

The judgment is reversed.

GRADY, C. J., SCHWELLENBACH, HILL, FINLEY, and OLSON, JJ., concur.

WEAVER, J. (dissenting)—The decision of this case turns upon the question of whether defendant Fields' presence in his car at the time of the accident was essential to support the judgment in the tort action. I do not believe that it was essential.

In order for plaintiffs to recover judgment against defendant Fields, it was only necessary for them to prove: (1) that an injury was sustained; (2) that the driver of defendant's car was negligent; (3) that the driver's negligence was the proximate cause of the injury; (4) that defendant Fields owned the car; (5) that the driver of the car was the agent or servant of the owner; and (6) that the agent or servant was acting within the scope of his authority at the time of the injury.

In *Bradley v. S. L. Savidge, Inc.*, 13 Wn. (2d) 28, 63, 123 P. (2d) 780, this court said:

"In conformity with almost unanimous authority, including all of our own cases without exception, we adhere to the rule that, when it is shown that a person owns an automobile concerned in an accident, it is presumed as an inference of fact that the driver was the agent of the owner and was acting within the scope of his authority."

In the instant case, it is not necessary for us to indulge even in this presumption, for in the principal action, the trial court found:

"At the time of the collision as aforesaid, the automobile owned by Robert M. Fields was driven by defendant Walter C. Finch with the express permission of and under the express direction of, and for and on behalf of the defendant Robert M. Fields and defendant Walter C. Finch, . . ."

The court having found all of the facts necessary to establish Fields' liability for the injury caused by the accident, the finding

" . . . that at such time and place Robert M. Fields was a passenger in his own automobile"

was surplusage, extraneous, and foresighted. It was not essential or necessary to support the judgment against defendants in the principal action. Hence, it is not *res judicata* nor conclusive in the trial of the issue raised by the controverted answer to the writ of granishment.

The judgment should be affirmed.

HAMLEY and DONWORTH, JJ., concur with WEAVER, J.