199 P.3d 984 (2007)
137 Wash.App. 1055
MUTUAL OF ENUMCLAW INSURANCE COMPANY, Intervenor/Appellant,
v.
T & G CONSTRUCTION, INC., and Villas at Harbour Pointe Owners Association, Respondents.
Nos. 56144-8-I, 57679-8-I.
Court of Appeals of Washington, Division 1.
April 2, 2007.
*986 James Morton Beecher, Brent William Beecher, Law Offices of Hackett, Beecher, & Hart, Seattle, WA, for Intervenor/Appellant.
Daniel Eli Zimberoff, Dina J. Wong, Barker Martin PS, Seattle, WA, for Respondents.
SCHINDLER, A.C.J.
¶ 1 Absent bad faith, the court's determination that a stipulated covenant judgment settlement agreement between an insured and the claimant is reasonable does not prevent an insurer in a declaratory judgment action from contesting coverage and its obligation to indemnify the insured. In this declaratory judgment action, the trial court erroneously relied on the findings and conclusions from the reasonableness hearing in ruling that Mutual of Enumclaw (MOE) was as a matter of law estopped from challenging coverage and its obligation to indemnify and that MOE was obligated to pay the stipulated judgment amount. We conclude MOE is entitled to a determination on whether there is coverage under the policy and if so, the extent of MOE's obligation to indemnify the insured. We reverse the orders granting summary judgment, vacate the judgment entered against MOE, and remand.

FACTS

Condominium Construction Defect Lawsuit
¶ 2 In June 2002, a homeowners association, the Villas at Harbour Pointe Owners Association (the Association), sued the condominium developer and the general contractor, Construction Associations, Inc.(CAI), for $7.3 million in construction and design defects damages. CAI sued a number of subcontractors including T & G Construction, Inc. (T & G), the subcontractor responsible for installing the exterior siding. CAI alleged T & G was liable for breach of contract, breach of warranty, and indemnification. MOE defended T & G under a reservation of rights to deny coverage.[1]
¶ 3 During the course of discovery, MOE learned that T & G was administratively dissolved on October 23, 2000. T & G filed a motion for summary judgment dismissal arguing that the statutory two-year time limit to file claims against a dissolved corporation barred CAI's lawsuit against it. The trial court ruled the two-year time limitation did not bar CAI's post-dissolution claims against *987 T & G, and there were material issues of fact concerning whether CAI's pre-dissolution claims were barred.
¶ 4 The Association, the developer, CAI, and T & G each retained independent experts to investigate the water damage and determine the scope of repair. The experts agreed that T & G's defective siding work resulted in water damage, but disagreed as to the method and cost of repair.
¶ 5 After failing to reach an agreement on the method and cost of repair, the Association filed a motion for summary judgment arguing that the alleged design and construction defects violated the Uniform Building Code (UBC) and the Washington Condominium Act (WCA). The court ruled that a number of the alleged defects violated the UBC and the WCA. As to T & G's work, the court ruled the improperly installed weather barrier and flashing violated the UBC and the WCA.
¶ 6 Following a court-ordered mediation in September 2004, the Association reached a settlement with all parties except T & G. As part of the settlement, CAI assigned its claims against T & G to the Association. On October 15, 2004, without MOE's consent, T & G and the Association entered into a settlement agreement. T & G agreed to entry of a $3.3 million stipulated judgment and to assign its coverage and bad faith claims against MOE to the Association. In exchange, the Association agreed to not execute on the judgment and to dismiss the claims against T & G.
¶ 7 After entering into the settlement agreement, the Association notified MOE and asked the court to schedule a reasonableness hearing. The court scheduled a hearing and granted MOE's motion to intervene to challenge the reasonableness of the settlement agreement between the Association and T & G.[2] At the conclusion of the hearing, the court determined the settlement agreement was reasonable and entered a stipulated judgment for $3 million against T & G.

Declaratory Judgment Action
¶ 8 Following entry of the $3 million stipulated judgment, MOE filed an amended complaint in its declaratory judgment action against the Association and T & G.[3] In the amended complaint, MOE asked the court to rule that under the policy, it had no obligation to indemnify T & G. The Association, as T & G's assignee, filed a counterclaim, contending MOE was estopped from denying coverage or asserting any policy exclusions contesting the amount of the stipulated judgment. The Association also alleged bad faith, breach of contract, violation of the Consumer Protection Act, unjust enrichment and negligence.
¶ 9 In a series of summary judgment decisions, the trial court relied on the findings and conclusions from the reasonableness determination of the settlement agreement in the underlying construction litigation in ruling that MOE was estopped from contesting coverage based on the two-year time limitation for claims against dissolved corporations; that exclusions "1. Damage to Your Work", "m. Damage to Impaired Property", and "n. Recall of Products, Work or Impaired Property" did not apply; and that MOE was obligated to pay the stipulated $3 million judgment amount. The court then entered a $3 million judgment against MOE plus interest, costs, and attorney fees. MOE appeals.

ANALYSIS
¶ 10 MOE contends that the trial court in the declaratory judgment action erred in ruling that it could not contest coverage or its obligation to indemnify based on the findings and conclusions that supported the court's reasonableness determination of the settlement in the underlying construction action.
¶ 11 On review of summary judgment, this court engages in the same inquiry as the trial *988 court. Reynolds v. Hicks, 134 Wash.2d 491, 495, 951 P.2d 761 (1998). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). Mains Farm Homeowners Ass'n v. Worthington, 121 Wash.2d 810, 813, 854 P.2d 1072 (1993). The court must view the facts and all reasonable inferences in the light most favorable to the nonmoving party. Mason v. Kenyon Zero Storage, 71 Wash.App. 5, 8-9, 856 P.2d 410 (1993). Only when reasonable minds could reach but one conclusion on the evidence, should the court grant summary judgment. Smith v. Safeco, 150 Wash.2d 478, 485, 78 P.3d 1274 (2003). We also review questions of law de novo. State, Dep't of Ecology v. Campbell & Gwinn, 146 Wash.2d 1, 9, 43 P.3d 4 (2000).
¶ 12 The duty to indemnify is a separate and distinct obligation from the duty to defend. Alaska Nat'l Ins. Co. v. Bryan, 125 Wash.App. 24, 104 P.3d 1 (2004), rev. denied, 155 Wash.2d 1007, 120 P.3d 577 (2005). Where, as here, there is a question about coverage, the insurer can defend under a reservation of rights. The insurer then has the right to file a declaratory judgment action to determine coverage and its obligation to indemnify. Truck Ins. Exch. v. Vanport Homes, Inc., 147 Wash.2d 751, 760, 58 P.3d 276 (2002). But if an insurer in bad faith breaches the duty to defend, the insurer is estopped from asserting the claim is outside the scope of coverage. Kirk v. Mt. Airy Ins. Co., 134 Wash.2d 558, 563, 951 P.2d 1124 (1998). However absent bad faith, the insurer in the declaratory judgment action is entitled to a determination on whether there is coverage under the insurance policy and if so, whether the insurer is responsible for the entire stipulated judgment amount. Mut. of Enumclaw Ins. Co. v. Dan Paulson Constr., Inc., 132 Wash.App. 803, 134 P.3d 240 (2006). The insurer is only liable for the judgment "entered provided the act creating liability is a covered event and provided the amount of the judgment is within the limits of the policy." Kirk v. Mt. Airy Ins. Co., 134 Wash.2d at 561, 951 P.2d 1124.
¶ 13 In both the underlying construction lawsuit and in the declaratory judgment action, MOE argued that the claims against T & G were barred by the two-year time limitation under former RCW 23B.14.340 of the Business Corporation Act (BCA).
¶ 14 The determination of whether coverage exists is a two-step process: first, the insured must show the policy covers his loss and second, to avoid coverage, the insurer must show specific policy language excludes the insured's loss. McDonald v. State Farm Fire & Cas. Co., 119 Wash.2d 724, 731, 837 P.2d 1000 (1992). The insured has the burden to establish coverage. Diamaco, Inc. v. Aetna Cas. & Sur. Co., 97 Wash.App. 335, 337, 983 P.2d 707 (1999).
¶ 15 The coverage section of the commercial general liability policy states that the policy only applies to damages the insured is "legally obligated" to pay.
Coverage A. Bodily Injury and Property Damage Liability
1. Insuring Agreement.
a. We will pay those sums that the insured becomes legally obligated to pay as damages because of `bodily injury' or `property damage' to which this insurance applies.
¶ 16 T & G was administratively dissolved on October 23, 2000. CAI sued T & G for breach of contract, breach of warranty, and indemnification in the condominium construction defect case in April 2003. On summary judgment, T & G argued that CAI's claims were barred under former RCW 23B.14.340. Former RCW 23B.14.340 provided that "any right or claim existing" against a corporation before its dissolution is barred if the claim is not brought within two years of the corporation's dissolution.[4] As to CAI's *989 pre-dissolution claims against T & G, the court ruled that there were material issues of fact as to whether CAI was a known claimant entitled to notice. But as to the post-dissolution claims, the court ruled as a matter of law that the time limitation did not bar the claims against T & G.
¶ 17 After the Association and T & G entered into a settlement agreement with a stipulated judgment and covenant not to execute, the Association requested a reasonableness hearing. The court granted MOE's request to intervene to challenge the reasonableness of the settlement. After a two-day hearing, the court concluded the settlement agreement was reasonable.
¶ 18 During the reasonableness hearing, the Association and T & G submitted additional evidence on whether CAI was a known claimant. The court, in its findings and conclusions on the reasonableness of the settlement, concluded it likely that the jury would have found CAI was a known claimant. While acknowledging the risk of reversal on the summary judgment rulings regarding the corporate dissolution time bar and the statute of limitations, the court concluded CAI would have prevailed at trial.
If the matter proceeded to trial, C.A. faced the risk that later the Court of Appeals would reverse summary judgment determined in its favor regarding corporate dissolution, the existence of written contracts, statute of limitations and indemnity. C.A. also would have had to prevail in proving certain facts to defeat some of T & G's legal issues at trial, such as the corporate dissolution defense and to prove the existence of written contracts.
However, the evidence supplied at the reasonableness hearing and in summary judgment hearings suggested C.A. should have been able to prevail in proving these facts. Although there was certainly some risk C.A. would not ultimately prevail on these issues, the risk was relatively small. I am aware the ramifications of losing on these legal issues would be great. C.A. could lose all or most of its claims. Therefore, this court has carefully weighed that risk in determining the value of C.A.'s claims.
¶ 19 In the declaratory judgment action, the court relied on the findings and conclusions from the reasonableness determination in ruling that MOE was estopped from arguing T & G's dissolution barred coverage. MOE contends the court erred in relying on the reasonableness determination to establish MOE's obligation under the policy to indemnify T & G for the stipulated judgment amount. We agree.
¶ 20 When an insured, without the consent of the insurer, enters into a settlement agreement with a stipulated judgment the insurer is only presumptively liable to the extent the amount is reasonable. Besel v. Viking Ins. Co. of Wisc., 146 Wash.2d 730, 738, 49 P.3d 887 (2002). In determining whether a settlement is reasonable, the trial court considers the factors first adopted in Glover v. Tacoma Gen. Hosp., 98 Wash.2d 708, 711, 658 P.2d 1230 (1983) overruled on other grounds by Crown Controls, Inc. v. Smiley, 110 Wash.2d 695, 756 P.2d 717 (1988), and later in Chaussee v. Maryland Casualty Co., 60 Wash.App. 504, 803 P.2d 1339 (1991). The Glover/Chaussee factors include:
[T]he releasing person's damages; the merits of the releasing person's liability theory; the merits of the released person's *990 defense theory; the released person's relative faults; the risks and expenses of continued litigation; the released person's ability to pay; any evidence of bad faith, collusion, or fraud; the extent of the releasing person's investigation and preparation of the case; and the interests of the parties not being released. Glover, 98 Wash.2d at 717, 658 P.2d 1230.
¶ 21 Below and on appeal, the Association mischaracterizes a reasonableness hearing as a "mini-trial" to determine liability and an adjudication on the merits.[5] But the purpose of a reasonableness hearing is to determine whether a settlement agreement is reasonable under the Glover/Chaussee factors. A reasonableness hearing is not an adjudication on the merits. And, although the relative fault of a party is one of the several discretionary factors the court must consider, the purpose of the reasonableness hearing is not to establish the defendant's actual liability.
¶ 22 The Association relies on Besel, to argue that the stipulated judgment entered after the reasonableness hearing establishes MOE's legal liability under the policy. But the court in Besel only held that the amount of a covenant judgment is the presumptive measure of harm if the insured established bad faith and the covenant judgment is reasonable under the Glover/Chaussee factors. Besel, 146 Wash.2d at 738, 49 P.3d 887. In other words, under Besel, coverage by estoppel is only imposed if the insurer acted in bad faith. Kirk, 134 Wash.2d at 563, 951 P.2d 1124. Here, although the Association, as T & G's assignee, alleged bad faith, the court did not rule that MOE acted in bad faith. Absent bad faith, MOE is not estopped from disputing coverage or its obligation to indemnify T & G on the stipulated judgment.
¶ 23 The underinsured and uninsured motorist (UIM) cases relied on by the Association are also inapposite. Finney v. Farmers Ins. Co. of Wash., 21 Wash.App. 601, 617-618, 586 P.2d 519 (1978); Fisher v. Allstate Ins. Co., 136 Wash.2d 240, 246, 961 P.2d 350 (1998); and Lenzi v. Redland Ins. Co., 140 Wash.2d 267, 275, 996 P.2d 603 (2000) hold that when an insurer refuses to participate in the arbitration between its insured and the tortfeasor, it is bound by the judgment entered against the insured for underinsured or uninsured benefits.[6] But here, unlike in the UIM context, when an insurer defends under a reservation of rights, the insurer is not bound by the prior findings, conclusions, or the judgment in the declaratory judgment action on coverage. See Wear v. Farmers Ins. Co. of Wash., 49 Wash.App. 655, 745 P.2d 526 (1987).
¶ 24 Because there was no finding of bad faith, on remand MOE is entitled to a determination in the declaratory judgment action as to whether there is coverage under the policy.[7] And because there was no final determination on the merits in the underlying condominium construction lawsuit, neither collateral estoppel not res judicata bars MOE from asserting that the two-year time limitation under former RCW 23B.14.340 bars CAI's claims against T & G.[8] In addition, the trial court appears to have erroneously relied on the reasonableness determination to decide whether policy exclusions applied. On remand MOE is also entitled *991 to a determination of its obligation to indemnify and whether the exclusions apply.
¶ 25 Citing this court's recent decision in Ballard Sq. Condo. Owners Ass'n v. Dynasty Constr. Co., 126 Wash.App. 285, 108 P.3d 818, rev. granted, 155 Wash.2d 1024, 126 P.3d 820 (2005), aff'd on other grounds, 158 Wash.2d 603, 146 P.3d 914 (2006), MOE asks this court to rule as a matter of law that CAI's claims against T & G are barred by under former RCW 23B.14.340. Because Ballard Square does not address pre-dissolution claims and material issues of fact remain, we decline to do so. On remand, the court will need to address the implications of the Washington Supreme Court's recent decision in Ballard Square and the 2006 amendments.
¶ 26 MOE also contends it has no obligation to indemnify T & G because T & G violated the policy condition requiring an insured to obtain consent prior to entering into a settlement.[9] But "an insured's noncompliance with a cooperation clause releases the insurer from its responsibilities `only if the insurer was actually prejudiced by the insured's actions or conduct.'" Pub. Util. No. 1 of Klickitat County v. Int'l Ins. Co., 124 Wash.2d 789, 803, 881 P.2d 1020 (1994) (citing Oregon Auto. Ins. Co. v. Salzberg, 85 Wash.2d 372, 377, 535 P.2d 816 (1975)). Whether MOE was actually prejudiced is a factual question that the trier of fact must resolve on remand. Pub. Util. No. 1, 124 Wash.2d at 804, 881 P.2d 1020 (even if the insured violated a policy condition, the insurer's duty to pay has not been extinguished because insurer failed to show they were actually prejudiced by the settlement without their consent). Id. at 803, 881 P.2d 1020.

CONCLUSION
¶ 27 We conclude that MOE is entitled to adjudication on coverage and the extent of its obligation to indemnify T & G. We reverse the trial court's orders granting summary judgment,[10] vacate entry of the judgment against MOE, and remand for trial.[11]
WE CONCUR: APPLEWICK, C.J., and COX, J.
NOTES
[1] The general commercial policy and the excess liability policy was in effect from October 26, 1997 to October 26, 2000.
[2] As addressed in the linked case, Villas at Harbour Pointe Owners Association v. Mutual of Enumclaw, No. 56144-8-I, 137 Wash.App. 751, 154 P.3d 950 MOE also challenged the authority of the court to conduct a reasonableness hearing in a condominium construction defect case.
[3] "Amended Complaint for Declaration re: Insurance Coverage for T & G Construction, Inc."
[4] Former RCW 23B.14.340 (1995) provides:

The dissolution of a corporation either: (1) By the issuance of a certificate of dissolution by the secretary of state, (2) by a decree of court, or (3) by expiration of its period of duration shall not take away or impair any remedy available against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution if action or other proceeding thereon is commenced within two years after the date of such dissolution. Any such action or proceeding against the corporation may be defended by the corporation in its corporate name.
RCW 23B.14.340 as amended in 2006, provides:
The dissolution of a corporation either (1) by the filing with the secretary of state of its articles of dissolution, (2) by administrative dissolution by the secretary of state, (3) by a decree of court, or (4) by expiration of its period of duration shall not take away or impair any remedy available against such corporation, its directors, officers, or shareholders, for any right or claim existing, or any liability incurred, prior to such dissolution or arising thereafter, unless action or other proceeding thereon is not commenced within two years after the effective date of any dissolution that was effective prior to June 7, 2006, or within three years after the effective date of any dissolution that is effective on or after June 7, 2006. Any such action or proceeding against the corporation may be defended by the corporation in its corporate name. Laws of 2006, ch. 52, § 17.
[5] In Glover, the Court expressly rejected a proposal to treat the reasonableness hearing as a "mini-trial." Glover, 98 Wash.2d at 717, 658 P.2d 1230.
[6] The Association also relies on East v. Fields, 42 Wash.2d 924, 926, 259 P.2d 639 (1953), a refusal to defend case. But in East, the Court held that when an insurer refuses to defend, it is not estopped from challenging the question of indemnification and coverage.
[7] See also Mutual of Enumclaw v. Paulson Constr., Inc., 132 Wash.App. at 817-18, 134 P.3d 240, (when an insurer's actions do not amount to bad faith, there is no need to decide whether the stipulated judgment amount was reasonable).
[8] Collateral estoppel only applies when (1) the issue decided in the prior adjudication is identical, (2) the prior adjudication ended in a final judgment on the merits, (3) the party against whom the plea is asserted was a party or in privity with a party to the prior adjudication, and (4) application of the doctrine will not work an injustice. Res judicata applies to matters that were actually litigated or might have been litigated in a prior action. Lenzi v. Redland Ins. Co., 140 Wash.2d 267, 280, 996 P.2d 603 (2000).
[9] Section IV  Commercial General Liability Conditions

. . .
2. Duties In the Event Of Occurrence, Offense, Claim or Suit.
. . .
d. No insureds will, except at that their own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.
3. Legal Action Against Us.
No person or organization has a right under this Coverage Part.
b. To sue us on this Coverage Part unless all of its terms have been fully complied with.
[10] Order granting motion to reconsider or clarify order denying defendant's motion for summary judgment re: coverage; order granting defendant's motion for partial summary judgment that exclusions (m) and (n) do not apply; and order granting defendant's second motion for partial summary judgment that exclusion (l) does not apply.
[11] Because we reverse the trial court's grant of summary judgment in favor of the Association and T & G, the trial court's award of attorney fees and costs is also reversed.