. FRANCIS *v.* SCHEPER.

1. JUDGMENT — INSTRUCTIONS — VERDICTS — AUTOMOBILES — PAS-
SENGERS—CONSIDERATION—NEGLIGENCE.

In action for injuries sustained in a collision between two cars
at an intersection of 2 highways, brought by plaintiff passenger
against the owner of the car in which he was riding and
against the owner and operator of the other car, where court
charged jury that plaintiff could not recover against the owner
of the car in which he was a passenger if the transportation
of plaintiff was not a part of the consideration of the contract
for hire, verdict for plaintiff amounted to a finding that the
transportation of plaintiff was a part of the consideration of
the contract of hire, that car was being driven with consent
of owner and that the driver of such vehicle was guilty of
negligence.

2. INSURANCE—CONSTRUCTION OF POLICY—EXCLUSION CLAUSE—AM-
BIGUITY.

An exclusion clause in a policy of insurance must be strictly con-
strued against the insurer who wrote the policy, if it is ambig-
uous in its terms.

3. SAME—EXCLUSION CLAUSE—CONSTRUCTION OF POLICY.

In drafting an exclusion clause of a casualty insurance policy, the
insurer must make clear the extent of nonliability under such
clause in order to escape liability.

4. SAME—AMBIGUITY—CASUALTY POLICY—CONSTRUCTION.

An ambiguity in a policy of casualty insurance must be resolved
against the insurer.

5. SAME—CASUALTY INSURANCE—EXCLUSION CLAUSE—TRANSPORTA-
TION OF EMPLOYEE AFTER WORK IS OVER.

Insured's employee, a painter, who had ceased the day's produc-
tion and had left the scene of his work and the hours of work

REFERENCES FOR POINTS IN HEADNOTES
[1, 5, 6] 5 Am Jur, Automobiles, § 541 (Supp).
[2-4] 29 Am Jur, Insurance, § 166.

for which he was compensated were over, was not "engaged in the employment * * * of the insured," within meaning of exclusion clause of casualty policy, while riding in insured's negligently operated truck en route home under contract of employment whereby plaintiff employee received a given sum per hour and transportation both ways between his home and the job.

6. Same—Casualty Insurance—Exclusion Clause—Transportation of Employee After Work is Over—Passenger for Hire.

Fact that in action to recover damages for personal injuries from his employer, owner of truck in which plaintiff was en route home as a passenger, and from owner and operator of car with which it collided at an intersection, plaintiff claimed to be a passenger for hire and jury so found would not preclude such plaintiff from claiming he was not, at the time of the collision "engaged in the employment * * * of the insured," and thereby not excluded from coverage under casualty policy, in view of the fact that plaintiff had ceased his productive work for the day, left the scene of the work and the hours were over for the work for which he was compensated, the compensation embracing both an hourly rate of pay and transportation each way between his home and the job (CL 1948, § 256.29).

Appeal from Oakland, Holland (H. Russel), J. Submitted October 4, 1949. (Docket No. 5, Calendar No. 44,470.) Decided December 8, 1949.

Garnishment by Russell Francis against Shelby Mutual Casualty Company of Shelby, Ohio, as garnishee of Howard Houck. Judgment for plaintiff. Garnishee defendant appeals. Affirmed.

*George A. Porter* and *Romaine C. Rice,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for garnishee defendant.

Reid, J. In the principal suit, plaintiff Francis obtained judgment against all 3 defendants for personal injuries arising out of an automobile accident,

which injuries were received by reason of the negligence of, or attributable to, the defendants. On the trial of the statutory issue in garnishment, now under consideration on appeal, plaintiff obtained a judgment against the garnishee defendant, the insurer of Howard Houck, one of the principal defendants. Garnishee defendant, the Shelby Mutual Casualty Company, appeals.

In the principal suit, the court charged the jury that plaintiff could not recover against defendant Houck, the owner of the motor vehicle in which plaintiff was a passenger, if the transportation of the plaintiff was not a part of the consideration of the contract of hire. The verdict of the jury in the principal case amounted to a finding that the transportation of plaintiff was a part of the consideration of the contract of hire.

Plaintiff Francis was seriously injured on August 26, 1946, at about 4:45 p. m., at the intersection of Crooks and Auburn roads in Oakland county, while plaintiff was riding home after work in defendant Houck's pickup truck when said truck collided with a Pontiac sedan owned by defendant Henry F. Scheper, Sr., and operated by defendant Henry W. Scheper. Plaintiff was not a guest passenger in defendant Houck's truck, but was riding as a passenger for consideration under an employment agreement wherein Houck agreed to pay plaintiff $1.50 per hour plus transportation from Oxford to the job and back again to Oxford for his work as a painter for Houck. Plaintiff testified that he left his employment on the afternoon in question at 4:30 p.m. and that of his own volition and choice, he then became a passenger in defendant Houck's truck, which was driven by one Wilbur Priddy, an employee of defendant Houck.

The verdict in the principal case against all 3 defendants in that case implied that Priddy, as agent

and driver, driving defendant Houck's truck with his knowledge and consent, was guilty of negligence, that the defendant Henry W. Scheper drove the car that collided with defendant Houck's car, negligently and that Henry W. Scheper was driving the car of his father, Henry F. Scheper, Sr., with the knowledge and consent of Henry F. Scheper, Sr.

The verdict of the jury in the principal case and the consequent judgment of the court were against all 3 defendants jointly and severally in the sum of $14,322.20 and costs were taxed at $114.30. The validity of the said judgment is not in issue on this appeal. The defendants Scheper, Henry F. Scheper, Sr., and Henry W. Scheper, paid one-half of the principal judgment and costs, leaving the other half of the judgment and costs unpaid.

Upon failure of defendant Houck or his insurer to pay upon said judgment when it became final, plaintiff began garnishment proceedings against defendant Houck's insurer, the Shelby Mutual Casualty Company of Shelby, Ohio, hereinafter referrred to as the casualty company, which casualty company had issued a liability insurance policy to defendant Houck in the sum of $10,000 covering the truck involved.

The garnishee defendant casualty company had defended defendant Houck in the principal case on the ground that plaintiff was barred from recovery because he was a guest passenger in the truck. However, the casualty company in its disclosure in garnishment and on the trial of the statutory issue in garnishment, claimed that plaintiff was "engaged in the employment" of Houck at the time of his injuries, and that therefore he was excluded from coverage under the policy. The so-called exclusion clause in the policy is as follows:

"This policy does not apply:   *   *   *

"(d)  under coverages A and C, to bodily injury to or death of any employee of the insured while *engaged in the employment* other than domestic, *of the insured,* or while engaged in the operation, maintenance or repair of the automobile."   (Italics supplied.)

On the trial of the statutory issue in garnishment, plaintiff claimed that he was in no way "engaged in the employment" of Houck at the time of the accident, but claimed that he was a passenger for hire in Houck's truck under the hiring agreement, that his duties for Houck had ended at the time of the accident and that plaintiff was merely collecting part of his pay (his ride home) when injured.

Plaintiff testified that he was employed by Houck as a painter; that under his employment agreement with Houck he was to receive for his work $1.50 per hour and his transportation; that his working hours were from 8 a.m. to 4:30 p.m., with one-half hour out for lunch; that on the day he was injured he had worked 8 hours and quit at 4:30 p.m., that he then had nothing further to do for Houck; that his pay period ended at 4:30 p.m. and he received no pay for time after that; that his injuries occurred at 4:40 or 4:45 p.m.; that Houck had no control over or right to control him or his actions after 4:30 p.m.; that plaintiff was not obligated to ride home in the truck after 4:30 but that he could go to Detroit or anywhere else he might desire to go or he could ride back home to Oxford in the truck if he so desired.

Defendant Houck, called for cross-examination by plaintiff, testified that plaintiff was employed by him; that under the employment agreement plaintiff was required to be at work on the job at 8 a.m.; that he was to work 8 hours, have one-half hour off for lunch, and his day stopped at 4:30; that under the employment agreement Houck required plaintiff to

stay on the job only 8 hours; that his day's work ended and he was through at 4:30 p.m. and Houck did not require him to perform any services after that; that Houck did not require plaintiff to ride home in the truck, but if plaintiff wanted to, he could, it was up to plaintiff; that Houck had no control or right to control over plaintiff after 4:30 p.m. Defendant Houck further testified that his insurance policy on the truck was prepared by the garnishee defendant casualty company and was in full force and effect at the time of plaintiff's injury.

At the close of all proofs in the garnishment case, both parties moved for a directed verdict, each in his own favor. The court proceeded to decide all issues of fact and law. Attorneys for garnishee defendant especially requested the court to decide the case without the aid of the jury.

The court found under the facts and the law applicable that plaintiff "was not engaged in Houck's employment at the time of the accident," and entered judgment for plaintiff against the garnishee defendant casualty company for $7,161.15, that being the remaining unpaid balance of the principal judgment.

Garnishee defendant casualty company claims that the plaintiff was engaged in the employment of the insured at the time of the injury and thus is within the exclusion clause above quoted, with the result that casualty company is not liable to plaintiff.

The garnishee defendant casualty company relies upon the case of *Konopka* v. *Jackson County Road Commission,* 270 Mich 174 (97 ALR 552). In that case an employee, plaintiff's decedent, who was a passenger under his contract of employment as understood by the commission employer and the employee, was riding from his work back to the city of Jackson where he lived when an accident occurred, causing the death of decedent. Our holding in the

*Konopka Case* that 'the transportation was an essential incident of the employment so as to be part of it, and that the accident arose out of and in the course of the employment, was made in view of the provisions of the workmen's compensation law, and we affirmed an award of compensation on behalf of the dependents of the decedent.

In the case of *B. & H. Passmore Metal & Roofing Co., Inc.,* v. *New Amsterdam Casualty Co.* (CCA), 147 F2d 536, 538, the court said:

"The casualty company relies upon decisions of the Oklahoma supreme court holding that an injury to an employee sustained while he is returning from work in a conveyance furnished by his employer is an injury 'arising out of and in the course of his employment.' But, in those decisions, the supreme court was construing a provision of the Oklahoma workmen's compensation law and not a private contract, and it has repeatedly held that such law is a remedial statute and should receive a liberal construction in favor of the injured employee.     *     *     *

"On the contrary, an exclusion clause in a policy of insurance, under Oklahoma law, must be strictly construed against the insurer."

In the *Konopka Case, supra,* we were considering the meaning of the words of the workmen's compensation act. In the instant case, we must consider the meaning of the exclusion clause in the policy of insurance and determine whether the words, "engaged in the employment," are applicable to an employee who has ceased the day's production and left the scene of his work and the hours were over for the work for which he was compensated.

The phrase, "engaged in the employment," can fairly be construed as meaning, active in the work plaintiff was employed and paid to do. It was incumbent on defendant casualty company, who drafted the policy, in order to escape liability under the

circumstances of this case, so to draft the policy as to make clear the extent of nonliability under the exclusion clause.

"It is a principle of law too well established in this jurisdiction and others to need discussion or citation of authorities, that a policy of insurance couched in language chosen by the insurer must be given the construction of which it is susceptible most favorable to the insured; that technical constructions of policies of insurance are not favored; and that exceptions in an insurance policy to the general liability provided for are to be strictly construed against the insurer. *Pawlicki* v. *Hollenbeck,* 250 Mich 38." *Pietrantonio* v. *Travelers Ins. Co. of Hartford, Conn.,* 282 Mich 111, 116.

See, also, *Hooper* v. *State Mutual Life Assurance Co. of Worcester, Mass.,* 318 Mich 384, 393.

We say in *Allor* v. *Dubay,* 317 Mich 281–283:

"The insurance contract, obviously prepared by the insurer, must be construed against it, if ambiguous in its terms."

The ambiguity must be resolved against defendant casualty company. See *Accident Ins. Co.* v. *Crandal,* 120 US 527 (7 S Ct 685, 30 L ed 740); *Birgbauer* v. *Aetna Casualty & Surety Co.,* 251 Mich 614; *Boesky Bros. Twelfth Street Corp.* v. *United States Fidelity & Guaranty Co.,* 267 Mich 628–630. To like effect, see *Barney* v. *Preferred Automobile Ins. Exchange,* 240 Mich 199; *Pawlicki* v. *Hollenbeck,* 250 Mich 38; *Zabonick* v. *Ralston,* 272 Mich 247; *D. F. Broderick, Inc.,* v. *Continental Credit Corp.,* 309 Mich 546, 555.

We hold as far as concerns the interpretation and meaning of the policy in question that at the time of the accident the plaintiff in the instant case was not *"engaged* in the employment * * * of the insured." (Italics supplied.)

We have examined and found without merit, defendant's claim advanced in its brief that plaintiff has taken a position in the trial of the instant case different from that taken by him on the trial of the principal case.

In the principal case plaintiff claimed that transportation was agreed to be furnished him as part of his compensation and that therefore he by his labor had paid for his transportation with the consequence that he was a passenger for hire in defendant Houck's pickup truck. Plaintiff sued Houck as liable under the statute * for injuries caused to plaintiff, a passenger for hire, for the negligent acts of Priddy, the agent and employee of defendant Houck in the driving of Houck's motor vehicle.

Plaintiff did not claim in the principal case that the relation of employer and employee had anything to do with the liability of Houck to plaintiff further than that the furnishing of the ride was part of plaintiff's compensation for his work as a painter. Plaintiff nowhere in the main case claimed that he (plaintiff) was engaged in Houck's employment at the time of the accident.

Plaintiff's claims in the main case are entirely consistent with his claims in the instant case, in which he claims Houck is indebted to him for the balance of the judgment in the principal case, and that consequently the casualty company is liable to him for such balance.

Plaintiff's recovery in the principal suit therefore is based upon his claim that he was riding not as an employee but as a passenger for hire, as distinguished from a guest passenger. Plaintiff was not engaged in the employment of the principal defendant at the time the accident occurred, hence, the clause in garnishee defendant's insurance policy ex-

---

* CL 1948, § 256.29 (Stat Ann § 9.1446).—Reporter.

cluding coverage of employees while engaged in the employment of the insured is not applicable in the case at bar.

In the instant proceeding in garnishment, the court directed a verdict for the plaintiff and against the garnishee defendant casualty company for $7,161.15 damages and costs taxed at $57.15. This judgment appealed from is affirmed. Costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.