HOUCK v. SHELBY MUTUAL CASUALTY COMPANY.

1. APPEAL AND ERROR—JUDGMENT—INSURANCE—GARNISHMENT.
    Affirmance by Supreme Court of judgment against insurer in garnishment proceedings brought against insurer entitled insured to affirmance of judgment in his action against the insurer where basic question in both proceedings is the same.

2. JUDGMENT—SATISFACTION—INSURANCE.
    Claim that since submission of appeal of action by insured against insurer under automobile insurance policy the judgment procured against insured by garnishee plaintiff has been paid does not affect insured's right to affirmance of judgment against insurer but upon remand trial court is directed to enter satisfaction of judgment herein upon payment of plaintiff's costs by the insurer and filing of satisfactory evidence of insurer's payment of the judgment in the garnishment case.

Appeal from Oakland; Hartrick (George B.), J. Submitted October 6, 1949. (Docket No. 42, Calendar No. 44,469.) Decided May 18, 1950.

Assumpsit by Howard Houck against Shelby Mutual Casualty Company, on an automobile insurance

———

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error, § 1166; 30 Am Jur, Judgments, § 163.

policy.  Judgment for plaintiff.  Defendant appeals.
Affirmed and remanded with instructions.

*Glenn C. Gillespie,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin,* for defendant.

DETHMERS, J.  The basic question in this case is
whether defendant is obligated under its policy of
insurance issued to plaintiff to pay a judgment en-
tered against him in favor of one Francis for dam-
ages sustained by the latter by reason of the negli-
gent operation of plaintiff's motor vehicle.  This we
answered in the affirmative in garnishment proceed-
ings brought by Francis against this defendant
(*Francis* v. *Scheper,* 326 Mich 441).  Judgment for
plaintiff ought, therefore, to be affirmed.

The law applicable to decision in this case and the
right of plaintiff to the affirmance of judgment in his
favor with costs, to which he unquestionably would
have been entitled had the Francis judgment against
him remained unpaid, are neither altered nor affect-
ed by the claim that, since submission of this case on
appeal and after our affirmance of judgment for the
plaintiff in the garnishment case, defendant has paid
the latter judgment.

Judgment affirmed, with costs in both courts to
plaintiff, and cause remanded with directions to the
trial court to enter satisfaction of judgment upon
payment of plaintiff's costs by defendant and the
filing of satisfactory evidence of defendant's pay-
ment of the judgment in the garnishment case.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR,
BUSHNELL, and SHARPE, JJ., concurred.