## GETLIN v. MARYLAND CAS. CO.
### No. 13046.

United States Court of Appeals
Ninth Circuit.
April 28, 1952.

Anderson & Franklin and W. A. Franklin, Portland, Or., for appellant.

Cake, Jaureguy & Tooze and Herbert C. Hardy, Portland, Or., for appellee.

Before STEPHENS, HEALY and GOODRICH*, Circuit Judges.

GOODRICH, Circuit Judge.

This appeal raises the question of the interpretation of an exemption clause in a liability insurance policy. The defendant insurance company won in the court below and the plaintiff appeals.

The factual background is uncomplicated and undisputed. At the time of the accident out of which this litigation arose Harold M. Kalahar was the owner of a Chevrolet station wagon. Kalahar hired various persons in Iowa and Nebraska for the purpose of soliciting magazine subscriptions in various towns from state to state throughout the western United States. One of the persons he hired for this purpose was Corinne Getlin for whose estate the present plaintiff is administrator. Kalahar furnished free transportation to the solicitors from state to state and city to city. He designated one Philip Rodgers, also a member of the soliciting group, as driver of this Chevrolet station wagon. On August 31, 1947, Rodgers drove the station wagon from Spokane, Washington,

---

* Sitting by special designation from the Third Circuit.

where the group had been soliciting subscriptions, to Portland, Oregon, where they were going to do like soliciting. This transportation was "pursuant to their respective contracts of employment with Kalahar."[1]

There was an accident on the way. In this accident Mrs. Getlin was killed. Suit was brought in a state court in Oregon against Rodgers and Kalahar and a judgment recovered.

Kalahar had purchased from the defendant a liability insurance policy. Upon the failure of either Rodgers or Kalahar to pay the judgment against them, plaintiff sued the insurance company which had issued the liability insurance policy to Kalahar.

The whole controversy in this case turns around an exclusion clause in the policy. It provided that the policy did not apply "to bodily injury or death of any employee of the insured while engaged in the employment, * * * of the insured * * *." The question in the case, then, is whether Mrs. Getlin, when she was riding in this car from Spokane to Portland under the circumstances already indicated, was engaged in the employment of Kalahar.

The case is in federal court by diversity of citizenship only. The law of the state in which the court sits must apply. We no longer need to cite the innumerable authorities since Erie Railroad v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. And if the case is one, as here, involving foreign elements, the local rule of conflict of laws applies. Klaxon Co. v. Stentor Electric Mfg. Co., 1941, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477. The parties are vague about where this insurance contract was entered into. From inspection of some photostatic copies of the policy furnished the court, it would appear that while the company is a Maryland corporation, this policy was countersigned in Texas where the insured's address is given in a Dallas, Texas, office building. The general rule with regard to the effect of a contract is that it is governed by the law of the place of contracting. Restatement, Conflict of Laws, § 332. Neither party has emphasized Texas decisions on this subject, however, and they appear to agree that the problem is one where we find both the Oregon conflict of laws rule and the Texas insurance rule from the material at hand as best we can.

When the facts of this case are considered with an eye to the exclusion clause in the insurance policy, it becomes pretty clear that Mrs. Getlin was, in the words of the policy, "engaged in the employment * * * of the insured * * *" at the time she met with her unfortunate accident. The plaintiff would, naturally, have us conclude the contrary. He argues that Mrs. Getlin was not engaged in her employment of soliciting subscriptions at the time of the accident for she was passively sitting in the car driven by another. She must have been actively doing soliciting, it is urged, to be "engaged" in employment.

But suppose one checks for a few instances the application of the plaintiff's theory. Suppose, for instance, Mrs. Getlin starts out in Portland to solicit subscriptions through a given block. As she steps from the bus to the sidewalk, the question is: Is she engaged in the defendant's employment? Now suppose she starts up the walk to the steps of the house where she is about to ring the bell and solicit subscriptions from the householder Can it be seriously contended that she is not engaged in her employment until the door opens and she starts her sales talk?

Now suppose she finishes her solicitation in one block and waits at the curb for a bus to take her to the next section of the city which has been assigned to her. Is she engaged in her employment when she goes from the thirteenth to the twenty-first ward of the city? If she is so engaged when she takes public transportation to get from one place to the other, can it be any less engaging in employment if she is picked up by Rodgers in Kalahar's car and driven to the part of town where she was next to solicit subscriptions?

1. This appears from stipulated facts included in the pretrial order.

It seems to us abundantly clear that in each of these cases Mrs. Getlin and other members of her crew would have undoubtedly been "engaged in the employment." Moving from house to house and street to street is certainly an integral part of any door to door canvassing job. It seems to us equally clear that, if at the expense of the employer, the group of people who are engaged in such solicitation in places selected by the employer are being moved from one town to another, the employees, while so being moved, are engaged in their employment.

We do not think any distinction can be made between transportation from street to street and from town to town when the destination has been selected by the employer and, a fortiori, when the transportation is provided by him.

It is not surprising that this kind of a question should have provoked litigation by claimants against insurance companies. Wording of many of these policies differs slightly and the facts of the various cases differ even more importantly. We should set aside at once the various cases involving workmen's compensation acts in which courts have found that injuries to employees going to or returning from work arose out of and in the course of the employment. These cases involve the entirely justifiable effort on the part of the courts to bring cases under the coverage of the compensation act. They are not in point here. See for collection of decisions on this point 20 A.L.R. 319; 49 A.L.R. 454; 63 A.L.R. 469; 100 A.L.R. 1053.

Another class of cases which counsel have labored heavily in this case are situations in which employees, at the termination of a day's work, are given gratuitous transportation by their employer back to the place from which they started their working day. In these situations the transportation is not part of the job; it may be accepted or not by the employee and it is not surprising to find holdings that during such transportation the employee is not engaged in his occupation. Even here, however, the authorities do not speak with one accord.[2]

Cases which are really in point are those where the question arises where an employee is going from place to place with transportation provided by the employer and at the direction of the employer. Here there are several instances in which courts have held that the employee, under the circumstances, is engaged in his employment.[3]

The question here, as we see it, is not solved by construing exclusionary language either for the company or against it. It seems to us, both on principle and authority, the conclusion is irresistible that Mrs. Getlin was engaged in her employment when the group of solicitors was traveling, at the employer's expense after the finishing of a job in Spokane to the beginning of solicitation in Portland.

The district court found another ground on which to sustain the defendant. That was res judicata. In the state court action against Rodgers and Kalahar, the trial judge instructed the jury that the plaintiff could not recover unless Rodgers was an employee of Kalahar and that the decedent was also an employee of Kalahar. The jury found for the plaintiff in that state court litigation, as already appears above.

The defendant now says, and successfully urged to the district court, that the finding for the plaintiff by the jury in the state court case establishes that Mrs. Getlin was engaged in Kalahar's employment at the time of the accident.

2. Cases holding this situation not covered by the exclusion: Francis v. Scheper, 1949, 326 Mich. 441, 40 N.W.2d 214; B. & H. Passmore M. & R. Co. v. New Amsterdam Casualty Co., 10 Cir., 1945, 147 F.2d 536; Elliott v. Behner, 1940, 150 Kan. 876, 96 P.2d 852. Cases holding the clause applicable: Johnson v. Aetna Casualty & Surety Co., 5 Cir., 1939, 104 F.2d 22; Lumber Mutual Casualty Insurance Co. v. Stukes, 4 Cir., 1947, 164 F.2d 571; State Farm Mut. Automobile Ins. Co. v. Braxton, 4 Cir., 1948, 167 F.2d 283.

3. State Farm Mutual Automobile Ins. Co. v. Brooks, 8 Cir., 1943, 136 F.2d 807; Webb v. American Fire & Cas. Co., 1941, 148 Fla. 714, 5 So.2d 252; Gilmore v. The Royal Indemnity Company, Ohio 1946, 24 Automobile Cases 1091.

252

If this is so, it is because of the effect of the judgment as collateral estoppel by which facts determined in previous litigation between the same parties or those in privity with them may not be contradicted in a later piece of litigation. Restatement, Judgments, § 68.

We are dubious, however, whether the finding that Mrs. Getlin was "an employee" of Kalahar establishes that she was at the time of the accident engaged in his employment. The collateral estoppel is effective to establish only those things which were directly in litigation in the previous action (Restatement, Judgments, § 68) and it is not clear to us that the question whether Mrs. Getlin was engaged in her employment was before the court in that trial.

This question, however, does not require a final answer. What we have already said concerning the legal effect of the language in the policy takes care of the case and calls for an affirmance of the district judge.

The judgment of the district court for the District of Oregon in the above entitled case will be affirmed.