**EMPLOYERS MUTUAL CASUALTY COMPANY, Appellant,**

v.

**Rennie C. LEE et ux., Appellees.**

**No. 13785.**

Court of Civil Appeals of Texas.

Houston.

Nov. 30, 1961.

Fulbright, Crooker, Freeman, Bates & Jaworski, Gibson Gayle, Jr., James B. Sales, Houston, for appellant.

Stein, Bennett & Shepley, Albert Stein, Houston, for appellees.

COLEMAN, Justice.

This appeal is from a summary judgment granted to appellees, Rennie C. Lee and wife, June Lee, against appellant in Cause No. 545,349, in the 11th District Court of Harris County, Texas.

Previously, in Cause No. 504,915 in the same court appellees had recovered a judgment against Albert E. Hildebrand. This suit had been instituted by appellees against Hildebrand and Walter N. Bagwell, driver and owner respectively, of the truck involved in a collision in which appellees sustained personal injuries. Appellant, as insurer, assumed the defense for Bagwell, but declined to defend Hildebrand because, it

contended, he was not driving the truck with Bagwell's permission so as to extend the policy's coverage to him.

Appellees contended in Cause No. 504,915 that Bagwell was liable for their damage under the negligent entrustment doctrine. The jury found that Hildebrand had committed acts of negligence proximately causing appellees' damages and found that Walter N. Bagwell, on the occasion of the collision in question, "caused or knowingly permitted" Albert E. Hildebrand to drive his truck, but that Bagwell did not know that Hildebrand had no proper driver's license and was not negligent in failing to determine whether he had such a license before permitting him to drive the truck. Because of these findings the trial court rendered judgment that appellees take nothing as against Bagwell.

Appellees' unsworn motion for summary judgment was not supported by affidavits. Appellant filed no reply to the motion. The judgment rendered recites that "the motion is accompanied by the pleadings, the verdict of the jury and the judgment in Cause No. 504,915, in the 11th Judicial District Court of Harris County, Texas together with admissions filed in this cause," and that after considering these matters the court found that there was no genuine issue of any material fact.

Appellant contends that this case must be reversed because certified copies of the proceedings in Cause No. 504,915, on which the trial court relied, were not attached to the motion for summary judgment. Our Supreme Court in Gardner v. Martin, 345 S.W.2d 274, held that Rule 166-A(e), Texas Rules of Civil Procedure, requires that certified copies of court records referred to in a motion for summary judgment be attached to the motion, and that an unsworn motion for summary judgment which referred to a previous judgment by the same court without certified copies being attached violated that provision of the rule. The court further held that since a summary judgment is possible only by virtue of Rule

166-A, a proponent who fails to comply with its provisions is not entitled to a summary judgment and reversed the trial court and the Court of Civil Appeals and remanded the case to the trial court for further proceedings consistent with the opinion.

 It will be presumed that the original pleadings and judgment in Cause No. 504,915 were introduced into evidence and considered by the court in view of the recitations in the judgment and the fact that these documents are included in the transcript filed in this Court. Since appellant failed to point out the defect in pleading by motion or exception in writing as required by Rule 90, T.R.C.P., the matter not being jurisdictional, the defect is waived. Hamilton v. Jenkins, Tex.Civ.App., 235 S.W.2d 195 (mand. overruled); McKee v. City of Mt. Pleasant, Tex.Civ.App., 328 S.W.2d 224; Woodall v. Schmudlach, Tev.Civ.App., 299 S.W.2d 780; Thompson v. State, Tex. Civ.App., 319 S.W.2d 368. The failure to comply with Rule 166-A(e), as construed by the Supreme Court, in the respect pointed out, would not affect the jurisdiction of the court to render a summary judgment. Willoughby v. Jones, 151 Tex. 435, 251 S.W.2d 508; Womble v. Atkins, Tex.Civ.App., 314 S.W.2d 150, aff'd 160 Tex. 363, 331 S.W.2d 294; Maxwell v. Campbell, Tex.Civ.App., 282 S.W.2d 957, ref.

 Appellant contends that the trial court erred in granting the summary judgment because there was a genuine issue as to whether Hildebrand was using the truck with Bagwell's permission at the time of the accident and that such issue was material in that it was a necessary predicate to the imposition of coverage liability. This contention is correct unless it can be determined that appellant is estopped by reason of the judgment rendered in the prior trial to again litigate the question of permissive use. Appellant contends that the previous jury finding that Bagwell "caused or knowingly permitted" Hildebrand to drive the truck does not necessarily include a finding that he "permitted" the driving

**158**

since facts which would authorize a finding of causation would not necessarily support a finding of permissive use. Viewing the issue in the abstract the word "caused" would include both voluntary and involuntary responsibility. Permission implies voluntary consent, either expressed or implied, and would exclude involuntary causation. The answer of the jury in response to the issue submitted does not necessarily amount to a finding that Hildebrand was using the truck with the permission, express or implied, of Bagwell.

However, assuming that the issue does amount to a finding of permissive use, appellant is not estopped by the judgment rendered in the former suit to seek a determination of that issue in this case since appellant had no opportunity to seek a judicial review of the jury's answer to the issue. Appellant, as the insurer of Bagwell, is bound by a finding of fact decisive of the question of coverage, if such finding was essential to the support of the prior judgment. Withers v. Republic National Bank of Dallas, Tex.Civ.App., 248 S.W. 2d 271, ref., n. r. e. This rule is subject to an exception according to the Restatement, Judgments, Sec. 69, p. 315: "Where a party to a judgment cannot obtain the decision of an appellate court because the matter determined against him is immaterial or moot, the judgment is not conclusive against him in a subsequent action on a different cause of action." In the case under discussion the jury found that Walter N. Bagwell was not negligent in failing to determine whether Albert E. Hildebrand had a valid driver's license before permitting him to drive the truck on the occasion of the accident. The judgment that appellees take nothing as to Bagwell is based on this issue. The finding of permissive use is immaterial in so far as the judgment rendered is concerned. Bagwell could have had no effective appellate review of the one issue answered adversely to him except as a cross-assignment in an appeal by appellees. Since appellees did not choose to appeal from the judgment, that method of review was not available to him.

The permissive use issue not being essential to support the judgment rendered in Cause No. 504,915, the necessity for a finding of fact on the issue of permissive use in this case would not be obviated by reason of the doctrine of estoppel by judgment. State v. O'Connor, 96 Tex. 484, 74 S.W. 899; James v. James, 81 Tex. 373, 16 S.W. 1087; Baton v. Gulf Oil Corporation, Tex.Civ.App., 235 S.W.2d 491; East v. Fields, 42 Wash.2d 924, 259 P.2d 639; Artukovich v. St. Paul-Mercury Indemnity Co., 150 Cal.App.2d 312, 310 P.2d 461; 26 Tex.Jur., Judgments §§ 442 and 446.

The judgment of the trial court is reversed and remanded for a trial on the merits.